Date signed November 17, 2005



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | |
|---|---|
| In re: | |
| UNWIRED EXPRESS, INC., | Case No. 02-6-6324-SD |
| | Chapter 7 |
| Debtor. | |
| LORI SIMPSON, TRUSTEE, | |
| Plaintiff, | |
| vs. | Adversary No. 04-1946-SD |
| LIBERTY PROPERTY TRUST, | |
| Defendant. | |

MEMORANDUM OPINION DENYING RELIEF

Following an evidentiary hearing, it appears from the record that during the gap period after an involuntary bankruptcy petition was filed against the corporate debtor on October 18, 2002, and before the Order for Relief was entered on November 12, 2002, the Debtor and its landlord entered into a Termination Lease Agreement ("Termination Agreement") on October 23, 2002. PX 3. The

1

lease was due to expire on December 31, 2004. PX 1 at ¶ (c)(ii).  The landlord was holding a security deposit of $101,842.64.  PX 1 at ¶ 1(g).  Pursuant to the Termination Agreement, the landlord returned $46,520.17 to the Debtor, and the Debtor agreed to allow the landlord to retain $55,322.52.  PX 3, 4.  The amount retained by the landlord was applied as follows to satisfy the damage claim of the landlord for early termination of the lease:

| | |
|---|---:|
| October and November, 2002 rent and operating expenses | $26,172.36 |
| Rent differential for relet premises over the unexpired lease term from December 1, 2002 through December 31, 2004 | 23,208.16 |
| Legal fees and costs | 6,042.00 |
| | $55,322.52 |

DX 2.

The landlord did not have actual knowledge that an involuntary bankruptcy petition had been filed against the debtor when it entered into the Termination Agreement, although it knew debtor was experiencing some financial difficulties.

The Chapter 7 Trustee's amended complaint seeks to recover from the landlord the $55,322.52 balance of the security deposit that the landlord retained under 11 U.S.C. § 542(a) (Turnover), §§ 547, 550 (Preferential Transfer), §§ 548, 550 (Fraudulent Conveyance), and §§ 549(a), 550 (Post-petition Transfer).  At trial, the Trustee abandoned the § 547 and § 548 counts because the evidence was that the Termination Agreement was executed post-petition during the gap period.

The § 542 turnover claim will be denied because it accomplishes nothing.  The Debtor's interest in the security deposit was subject to the landlord's interest in the deposit under the lease as

security for its claims for faithful performance. DX 1, ¶ 28. This was the interest that was liquidated pursuant to the Termination Agreement, and the Trustee has failed to show the landlord's claims were not reasonably calculated.

Likewise, the Trustee's claim under §§ 549(a) and 550, if successful, would not result in any recovery for the estate. This is because if $55,322.52 of the security deposit retained by the landlord is avoided as a post-petition transfer, it requires of necessity avoidance of the entire Termination Agreement which effected the transfer in the first instance. After avoidance of the Termination Agreement, all lease rights and obligations would be reinstated for Debtor and Liberty Property Trust; and the $55,322.52 would be subject to the Liberty Property Trust's damage claims as a security deposit. Because the Court finds below that the damages collected by Liberty Property Trust were fair and reasonably calculated, the Trustee would ultimately make no recovery if the transfer at issue is avoided under 11 U.S. C. §549(a).

Alternatively, the transfer may not be avoided because under 11 U.S.C. § 549(b) value was given for the transfer, namely, the landlord's release of its security interest in the security deposit.

The remaining issue is whether the damages that Liberty Property Trust collected from the Debtors' security deposit were fairly calculated. The proof showed that the Liberty Property Trust's damages were ones to which the landlord was legally entitled under Maryland law and under the lease and that they were fairly and reasonably calculated.

For these reasons, the relief prayed for by the Trustee will be denied, and judgment will be granted to the defendant Liberty Property Trust.

cc:   Kristin Case Lawrence, Esquire
Bishop, Daneman & Simpson LLC
2 North Charles Street, Suite 500
Baltimore, Maryland   21201

Lori S. Simpson, Trustee
Bishop, Daneman & Simpson LLC
2 North Charles Street, Suite 500
Baltimore, Maryland   21201

Leslie J. Polt, Esquire
Blank Rome LLP
600 New Hampshire Avenue, NW
Washington, D.C.   20037

James A. Timko, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, Pennsylvania   19103

Office of the U.S. Trustee
300 West Pratt Street
Suite 350
Baltimore, Maryland   21201

**End of Memorandum Opinion.**